**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1535**

DANIEL F. STEWART,

                    Plaintiff – Appellant,

          v.

SOCIAL SECURITY ADMINISTRATION,

                    Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:09-cv-00781-PJM)

Submitted:  January 25, 2010        Decided:  February 10, 2010

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Daniel F. Stewart, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While an inmate at the Eastern Pre-Release Unit in Maryland, Daniel Floyd Stewart filed a complaint on March 24, 2009, against the Social Security Administration ("SSA"). The court directed Stewart to submit additional information because the complaint did not make clear what decision he was challenging and on what basis. Based on the supplemental documentation filed by Stewart, it was discerned that an Administrative Law Judge denied Stewart supplemental security income payments from November 19, 2003, through June 29, 2006, the date he was incarcerated, and that the Appeals Council denied the appeal on December 18, 2008. The district court dismissed the complaint as untimely filed. We vacate the district court's order and remand for further proceedings.

Under 42 U.S.C. § 405(g) (2006), an individual may obtain review of a final decision of the Commissioner of Social Security in federal district court by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The regulations clarify that a civil action must be commenced within sixty days after the Appeals Council's decision "is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R.

2

§ 422.210(c) (2009).  The date of receipt of the notice is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary.  Id.

On its face, Stewart's complaint, dated March 21, 2009, is clearly untimely.  However, Stewart submits on appeal, as he did below through a letter he attached to his complaint, that the Appeals Council extended his time to file a judicial complaint.  The Council's letter specifically states that the Council received Stewart's request for more time to file a civil action and that the Council grants Stewart a forty-five day extension of time to file a civil complaint from the date of receipt of the Council's letter, dated February 26, 2009.

Because the Appeals Council is authorized to extend the time for filing a judicial complaint, Stewart received such an extension, and his complaint is timely filed in light of the extension, we vacate the district court's order and remand for the district court's consideration of Stewart's complaint as timely filed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED